UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE UPCHURCH,

                      Plaintiff,

-vs-

JOHN DOE and
J.B. HUNT TRANSPORT, INC.,
a foreign corporation,

                      Defendants.

Case No. 1:19-cv-00502
Hon.
State Court Case No. 19-0204-NI
Kalamazoo County Circuit Court

---

| JOHNSON LAW PLC | FOSTER SWIFT COLLINS & SMITH PC |
|---|---|
| By:  Jeremy Tiedt (P79856)<br>       Joseph Sukup (P39898)<br>       Ven R. Johnson (P39219)<br>Attorneys for Plaintiff<br>99 Monroe Avenue, Suite 975<br>Grand Rapids, Michigan 49503<br>616.235.9400 | By:   Dirk H. Beckwith (P35609)<br>Attorneys for J.B. Hunt Transport, Inc.<br>28411 Northwestern Highway, Ste 500<br>Southfield, Michigan 48034<br>248.539.9918<br>dbeckwith@fosterswift.com |

---

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(b) and 1446, Defendant, J. B. Hunt Transport, Inc., ("JB Hunt"), hereby removes this action from the 9th Circuit Court (Kalamazoo County), State of Michigan, where it is currently pending, to the United States District Court for the Western District of Michigan, Southern Division.

In support of its Notice of Removal, JB Hunt states:

## PROCEDURAL STATUS OF THE CASE

1. On or about April 24, 2019, Stephanie Upchurch ("Upchurch") commenced this action by filing a Complaint in the 9th Circuit Court, Kalamazoo County, Michigan. The lawsuit was assigned case number 19-0204-NI.

2. The 9th Circuit Court, Kalamazoo County, Michigan, issued its summons on April 24, 2019.

3. In Upchurch's Complaint, a copy of which is attached as part of **Exhibit B**, Upchurch alleges she sustained personal injuries on May 8, 2018, when a tractor-trailer driven by John Doe and owned by J. B. Hunt Transport backed up and hit a vehicle in which she was the driver.

4. The stated amount in controversy, exclusive of interest and costs, was in excess of $25,000.00.

5. On May 14, 2019, JB Hunt served a set of discovery requests upon Upchurch's attorney seeking to ascertain whether the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. The relevant discovery requests and Upchurch's answers are as follows:

### Request to Admit No. 1.

Admit Plaintiff claims she sustained damages, exclusive of interest and costs, in an amount in excess of $75,000.00.

**ANSWER:** Admitted.

### Request to Admit No. 2.

Admit Plaintiff claims she sustained damages, exclusive of interest and costs, in an amount less than $75,000.00.

**ANSWER:** Denied.

A copy of Upchurch's answers to the discovery requests are attached as **Exhibit A.**

6. Upchurch's answers to these discovery requests were served upon JB Hunts' attorney on June 11, 2019.

7. 28 U.S.C. § 1446(b)(3) provides as follows:

> (3) Except as provided in subsection (c) if the case stated by the initial pleading is not removable a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order **or other paper from which it may first be ascertained that the case is one which is or has become removable.** (Emphasis added.)

## PROPRIETY OF REMOVAL

8. This Notice of Removal is timely because it is filed within 30 days after JB Hunt's receipt of a paper (in this case discovery responses) from which JB Hunt could ascertain that this case is one which is removable based upon the parties' diversity of citizenship and the requisite amount in controversy.

9. This matter is properly removable under 28 U.S.C. § 1441(b).

10. This Court has original jurisdiction of this action pursuant to 28 USC § 1332. Upchurch is a citizen and resident of Kalamazoo County, Michigan. (Upchurch's Complaint, ¶ 1). JB Hunt is a foreign corporation. JB Hunt is incorporated in the State of Georgia with its principal place of business located in Lowell, Arkansas. (Affidavit of Darren Mulford, **Exhibit C**). Hence, Plaintiff is a citizen of the state of Michigan and JB Hunt is a citizen of foreign state. Therefore, there is diversity of citizenship. Plaintiff claims and is seeking damages, exclusive of interest or costs, in excess of $75,000.00. See Upchurch's answers to JB Hunt's discovery requests attached as **Exhibit A**. Therefore, the amount in controversy exceeds the required jurisdictional amount.

11. On June 21, 2019 J. B. Hunt's attorney reviewed the process and pleadings on file in this case with the Kalamazoo County Circuit Court. At that

time, there were no proofs of service filed with the Kalamazoo County Circuit Court indicating that either John Doe had been served with a Summons and Complaint in this lawsuit.

12. "Where there is more than one defendant, the 'rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal.'" *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003) (quoting *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n. 3 (6th Cir. 1999), cert. denied, 528 U.S. 1076, 120 S. Ct. 790, 145 L. Ed. 2d 667 (2000)); *see also Hicks v. Emery Worldwide, Inc.*, 254 F. Supp. 2d 968, 975 (S.D. Ohio 2003)." However, an exception from the "rule of unanimity" exists where the non-joining defendants have not been served with service of process at the time the removal petition is filed. *Hicks*, 254 F. Supp. 2d at 973 n.4. *see also, Underwood v. Ciena Health Care Management*, 2008 U.S. Dist. LEXIS 31576; 2008 WL 1776961 (E. D. Mi. 2008) and *Ford v. Associated Electric Cooperative, Inc.*, 2017 U. S. Dist. LEXIS 196477; 2017 WL 5903969 (E. D. Mo., 2017)("It is well-recognized that obtaining the consent of an unserved defendant is not required to effectuate removal to federal court.") *Roberts v. Palmer*, 354 F. Supp. 2d 1041, 1044 (E.D. Mo. 2005).

13. For cases removed to federal court on the basis of diversity jurisdiction, Title 28 U.S.C. § 1441(b)(1) provides, "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."[1] See, *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir., 2008). Accord, *Casas Office Machines, Inc. v. Mita Copystar of America, Inc.*, 42 F.3d 668 (1st Cir., 1994).

14. Pursuant to 28 U.S.C. § 1446(a), JB Hunt has attached hereto as Exhibit B copies of all process, pleadings and orders served upon JB Hunt in this matter.

15. Pursuant to 28 U.S.C. § 1446(a) and (d), JB Hunt will file a copy of this Notice of Removal with the 9th Circuit Court, Kalamazoo County, Michigan; will provide prompt notice to all parties; and will file a proof of service of all notices and filings with the Clerk of the United States District Court for the Western District of Michigan.

16. This action is removable to this Court pursuant to U.S.C. §§ 1441 and 1446 because it is within this Court's diversity jurisdiction.

---

[1] This sentence was added by Congress as part of the Judicial Improvements and Access to Justice Act of 1988. Pub. L. 100-702, Title X, § 1016(a), 102 Stat. 4669.

## REQUEST FOR HEARING AND JURISDICTIONAL DISCOVERY

17.     If Upchurch contests this removal, JB Hunts request:

A.     A hearing regarding this Court's jurisdiction over, and the propriety of removal of, this matter.

B.     The opportunity to present evidence demonstrating the existence of diversity jurisdiction and the propriety of removal; and

C.     Leave to conduct limited discovery related to those issues.

WHEREFORE, JB Hunt removes the above captioned action from the 9th Circuit Court, Kalamazoo County, Michigan, to the United States District Court for the Western District of Michigan.

>                             FOSTER SWIFT COLLINS & SMITH PC
>
>                             By: _____
>                             Dirk H. Beckwith (P35609)
>                             Attorneys for J.B. Hunt Transport
>                             28411 Northwestern Highway,
>                             Suite 500
>                             Southfield, Michigan 48034
>                             248.539.9918

Dated: June 21, 2019

## CERTIFICATE OF SERVICE

The undersigned hereby certify that on **June 24, 2019**, a copy of the foregoing was served upon the following:

Joseph Sukup  
Johnson Law PLC  
99 Monroe Avenue, Suite 975  
Grand Rapids, Michigan 49503

Clerk - Civil Division  
Kalamazoo County Circuit Court  
227 West Michigan Avenue  
Kalamazoo, Michigan 49007

by first class mail by placing same in an envelope with first class postage prepaid thereon.

By: /s/ Rekela L. Wilson  
Rekela L. Wilson, Legal Secretary  
Foster Swift Collins & Smith, P.C.  
28411 Northwestern Highway, Suite 500  
Southfield, Michigan 48034  
(248) 538-6355  
rwilson@fosterswift.com