# EXHIBIT B

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN<br>9th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS | CASE NO.<br>19- 0304 -NI |
|---|---|---|

**Court address**

Kalamazoo County Courthouse, 227 W. Michigan Ave., Kalamazoo, MI 49007

**ALEXANDER C. LIPSEY**

Court telephone no.
(269) 383-8950

| Plaintiff's name(s), address(es), and telephone no(s).<br>STEPHANIE UPCHURCH | v | Defendant's name(s), address(es), and telephone no(s).<br>J.B. HUNT TRANSPORT, INC.<br><br>FILED<br>APR 2 4 2019<br>9TH JUDICIAL CIRCUIT<br>COUNTY OF KALAMAZOO<br>KALAMAZOO, MICHIGAN |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Joseph Sukup (P39898)<br>Ven R. Johnson (P39219)<br>Johnson Law, PLC<br>99 Monoroe Ave. NW Suite 975<br>Grand Rapids, MI 49503    (616) 235-9400 | | |

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

## SUMMONS

NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:

1. You are being sued.

2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).

3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>APR 2 4 2019 | Expiration date*<br>JUL 2 4 2019 | Court clerk |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (1/19) SUMMONS

MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

# STATE OF MICHIGAN
## IN CIRCUIT COURT FOR THE COUNTY OF KALAMAZOO

STEPHANIE UPCHURCH

    Plaintiffs,

Case No. 19- 0204 -NI

Hon. **ALEXANDER C. LIPSEY**

v.

JOHN DOE and J.B. HUNT TRANSPORT, INC.

    Defendants.

_____/

**JOSEPH SUKUP (P39898)**
**JEREMY TIEDT (P79856)**
**VEN R. JOHNSON (P39219)**
Attorneys for Plaintiff
Johnson Law, P.C.
99 Monroe Ave, N.W., Suite 975
Grand Rapids, MI 49503
(616) 235-9400
jtiedt@venjohnsonlaw.com

---

## COMPLAINT AND JURY DEMAND

There is no other pending civil action arising out
of the transaction or occurrence alleged in this Complaint.

NOW COMES Plaintiff, Stephanie Upchurch, by and through her attorneys, JOHNSON LAW, PC, and for her Complaint against Defendants, John Doe, and J.B. Hunt Transport, Inc.. states as follows:

1. At all times relevant to this lawsuit, Plaintiff, Stephanie Upchurch ("Stephanie") was an individual that resided in the City of Kalamazoo, County of Kalamazoo, State of Michigan.

2. At all times relevant to this lawsuit, Defendant, J.B. Hunt Transport, Inc. ("J.B. Hunt"), was a corporation organized and existing pursuant to the laws of the State of Michigan. J.B. Hunt

does business in Kalamazoo County including, but not limited to, carrying on functions of an interstate motor carrier, which includes the operation, maintenance and use of commercial semi-trucks and trailers.

3.   At all times relevant to this lawsuit, Defendant, John Doe ("John Doe"), was an individual for which residence cannot be ascertained, but was acting within the scope of his employment and/or agency with Defendant, J.B. Hunt, in Kalamazoo County for all wrongful acts and/or omissions stated herein.

4.   At all times relevant to this lawsuit, Defendant, John Doe, was employed by, was acting as the agent of, or was under dispatch by Defendant, J.B. Hunt, and was otherwise acting within the scope of his employment/agency on May 8, 2018, as more particularly described below. Therefore, Defendant, J.B. Hunt, is liable for the wrongful acts/omissions of Defendant, John Doe, recited herein and for the resulting damages to Stephanie.

5.   Defendant, John Doe's, use of the subject tractor/trailer was with the express or implied consent of Defendant, J.B. Hunt, therefore, J.B. Hunt is liable for the injuries and resulting damages to Stephanie.

6.   The amount in controversy exceeds $25,000 exclusive of costs, interest and attorney fees and this matter is otherwise within the jurisdiction of the Court.

## GENERAL ALLEGATIONS

7.   Plaintiff reasserts and realleges the allegations contained in paragraphs 1-6 above as if fully restated here.

8.   On May 8, 2018, at approximately 3:46 p.m., Stephanie was operating a 2006 Jeep Grand Cherokee.

9.   At that date and time indicated above, Stephanie was stopped at the light on W. Paterson

Street, while Defendant, John Doe, was operating the subject tractor/trailer and was in the process of making a left turn from W. Paterson Street onto N. Westnedge Ave.

10. However, Defendant, John Doe, could not make the turn and started backing up, failed to observe Stephanie's vehicle and collided with it.

11. The impact caused crushing damage to Stephanie's vehicle, and pushed Stephanie's vehicle back several feet on W. Paterson Street.

12. Defendant, John Doe, fled the scene driving southbound on N. Westnedge Ave.

13. As a direct and proximate result of the negligent and/or grossly negligent acts and/or omissions of Defendants, Stephanie, has suffered serious and permanent impairments of vital bodily functions, physical and emotional injuries, including, but not limited to, cervical injury, a traumatic brain injury, and other injuries and resulting damages.

## COUNT I - NEGLIGENCE/GROSS NEGLIGENCE
### JOHN DOE and J.B. HUNT

14. Plaintiff reasserts and realleges the allegations contained in paragraphs 1 through 13 above, as if fully stated.

15. Defendant, John Doe, drove Defendant, J.B. Hunt's, subject tractor/trailer in the ordinary course and scope of his employment/agency with the Defendant, J.B. Hunt's, express and/or implied consent; therefore, Defendant, J.B. Hunt, is vicariously liable for John Doe's negligent and/or grossly negligent acts and/or omissions.

16. Defendants, and each of them, owed certain duties to Stephanie to operate the semi-tractor trailer in a reasonably safe manner in order to avoid causing injuries to others. Such duties included, without limitation:

    a. Exiting his tractor and looking to assure safe backing could be accomplished;

    b. Backing in a safe manner;

    c.  Not striking Plaintiff's vehicle;

    d.  Using a spotter;

    e.  Sounding his horn;

    f.  Otherwise acting as a reasonable professional truck driver would under the circumstances.

17. Defendants breached the above duties in the following ways and were negligent and/or grossly negligent, including, but not limited to:

    a.  Driving the semi-tractor/trailer in a reckless manner;

    b.  Driving the semi-tractor/trailer in a careless or negligent manner;

    c.  Failing to keep a proper lookout and negligently operating the semi-tractor/trailer in violation of the applicable motor vehicle codes and the Federal Motor Carrier Safety Act;

    d.  Failing to stop the semi-tractor trailer in the assured, clear distance so to avoid striking Plaintiff's vehicle;

    e.  Striking Plaintiff's vehicle when Defendant knew, or reasonably should have known, that such wrongful conduct would likely lead to injury to Plaintiff;

    f.  Failing to properly back the semi-tractor/trailer, use a spotter or sound his horn;

    g.  Fleeing the scene of the accident;

    h.  All other acts of negligence and/or gross negligence that may be learned through the course of discovery.

18. As a direct and proximate result of Defendants' wrongful acts and/or omissions, negligence recklessness and/or grossly negligent conduct, Stephanie has suffered serious and permanent impairments of vital bodily functions and/or permanent and serious disfigurement, and will

continue to suffer damages indefinitely into the future, including but not limited to:

    a.   Physical pain and suffering;

    b.   Mental anguish;

    c.   Fright and shock;

    d.   Denial of social pleasures and enjoyments;

    e.   Embarrassment, humiliation or mortification;

    f.   Disability and disfigurement;

    g.   Economic damages including, without limitation, work loss, loss of wages and medical and related expenses; and

    h.   All other damages learned through the course of discovery and/or compensable under the law.

## COUNT II – NEGLIGENT HIRING, ENTRUSTMENT, TRAINING, AND/OR RETENTION – J.B. HUNT

19. Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 18 as if fully set forth herein.

20. At all times relevant to this lawsuit, Defendant, J.B. Hunt, entrusted the subject tractor trailer/trailer to Defendant, John Doe, despite his incompetency, inexperience and/or recklessness, which was known or should have been known to J.B. Hunt.

21. As a direct and proximate result of J.B. Hunt's negligent entrustment of the subject tractor/trailer to Defendant, John Doe, the subject incident occurred and Stephanie suffered those injuries and damages stated herein.

22. In addition, or, in the alternative to the foregoing, Defendant, J.B. Hunt, failed to properly train and supervise in Defendant, John Doe, the proper operation of the subject tractor/trailer and such failures were a proximate cause of the injuries and damages sustained to Stephanie.

WHEREFORE, Plaintiff, Stephanie Upchurch, respectfully requests that this Honorable Court award damages, exclusive of costs, interests and attorney fees, in excess of $25,000.00 and award her any other relief, equitable or otherwise, to which she is entitled.

Respectfully submitted,

Dated: _April 22, 2019_

JOHNSON LAW, PLC

By: _____
JOSEPH SUKUP (P39898)
JEREMY TIEDT (P79856)
VEN R. JOHNSON (P39219)
Attorneys for Plaintiff
Johnson Law, P.C.
99 Monroe Ave, N.W., Suite 975
Grand Rapids, MI 49503
(616) 235-9400
jtiedt@venjohnsonlaw.com

## DEMAND FOR JURY TRIAL

Plaintiff, Stephanie Upchurch, by and through her attorneys at **JOHNSON LAW, PLC**, hereby demands a trial by jury.

Respectfully submitted,

Dated: _April 22, 2019_

JOHNSON LAW, PLC

By: _____
JOSEPH SUKUP (P39898)
JEREMY TIEDT (P79856)
VEN R. JOHNSON (P39219)
Attorneys for Plaintiff
Johnson Law, P.C.
99 Monroe Ave, N.W., Suite 975
Grand Rapids, MI 49503
(616) 235-9400
jtiedt@venjohnsonlaw.com

STATE OF MICHIGAN

KALAMAZOO COUNTY CIRCUIT COURT

STEPHANIE UPCHURCH,

Plaintiff,

-vs-

Case No. 19-0204-NI
Judge Alexander C. Lipsey

JOHN DOE and J.B. HUNT TRANSPORT, INC.

Defendants.

---

| | |
|---|---|
| JOHNSON LAW PLC | FOSTER SWIFT COLLINS & SMITH PC |
| By:   Jeremy Tiedt (P79856) | By:   Dirk H. Beckwith (P35609) |
|       Joseph Sukup (P39898) | Attorneys for J.B. Hunt Transport, Inc. |
|       Ven R. Johnson (P39219) | 28411 Northwestern Highway, Suite 500 |
| Attorneys for Plaintiff | Southfield, Michigan 48034 |
| 99 Monroe Avenue, Suite 975 | 248.539.9918 |
| Grand Rapids, Michigan 49503 | dbeckwith@fosterswift.com |
| 616.235.9400 | |

---

## J.B. HUNT TRANSPORT, INC.'s
## ANSWER TO PLAINTIFF's COMPLAINT

J.B. Hunt Transport, Inc. ("JB Hunt"), for its Answer to Plaintiff's Complaint, states as follows:

1.    JB Hunt neither admits nor denies the allegations contained in Paragraph 1 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2.    JB Hunt admits that it is a motor carrier authorized by the Federal Motor Carrier Safety Administration to transport all kinds of freight in interstate commerce. JB Hunt denies the remaining allegations contained in Paragraph 2 because the remaining allegations are not true.

3.     JB Hunt neither admits nor denies the allegations contained in Paragraph 3 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4.     JB Hunt neither admits nor denies the allegations contained in Paragraph 4 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5.     JB Hunt neither admits nor denies the allegations contained in Paragraph 5 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6.     JB Hunt neither admits nor denies the allegations contained in Paragraph 6 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

## GENERAL ALLEGATIONS

7.     JB Hunt adopts by reference its answers to Paragraphs 1 through 6 as if set forth herein verbatim.

8.     JB Hunt neither admits nor denies the allegations contained in Paragraph 8 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9.     JB Hunt neither admits nor denies that on May 8, 2018 at approximately 3:46 p.m., Stephanie Upchurch was stopped at the light on W. Paterson Street. JB Hunt denies the remaining allegations contained in Paragraph 9 because the remaining allegations are not true.

10.     JB Hunt denies the allegations contained in Paragraph 10 because the allegations are not true.

11.     JB Hunt denies the allegations contained in Paragraph 11 because the allegations are not true.

12.     JB Hunt denies the allegations contained in Paragraph 12 because the allegations are not true.

13.     JB Hunt denies the allegations contained in Paragraph 13 because the allegations are not true.

## COUNT I – NEGLIGENCE/GROSS NEGLIGENCE
## JOHN DOE AND J.B. HUNT

14.     JB Hunt adopts by reference its answers to Paragraphs 1 through 13 as if set forth herein verbatim.

15.     JB Hunt denies the allegations contained in Paragraph 15 because the allegations are not true.

16.     JB Hunt admits owing Plaintiff only such duties as are imposed by law.  JB Hunt denies breaching any such duties owed to the Plaintiff.

17.     JB Hunt denies the allegations contained in Paragraph 17 because the allegations are not true.

18.     JB Hunt denies the allegations contained in Paragraph 18 because the allegations are not true.

WHEREFORE, J.B. Hunt Transport, Inc. requests this Court dismiss Count 1 of Plaintiff's Complaint with prejudice and without costs and award its attorney fees and costs so wrongfully sustained.

## COUNT II – NEGLIGENT HIRING, ENTRUSTMENT, TRAINING
## AND/OR RETENTION – J.B. HUNT

19.     JB Hunt adopts by reference its answers to Paragraphs 1 through 18 as if set forth herein verbatim.

20.      JB Hunt denies the allegations contained in Paragraph 20 because the allegations are not true.

21.      JB Hunt denies the allegations contained in Paragraph 21 because the allegations are not true.

22.      JB Hunt denies the allegations contained in Paragraph 22 because the allegations are not true.

23.      WHEREFORE, J.B. Hunt Transport, Inc. requests this Court dismiss Count II of Plaintiff's Complaint with prejudice and without costs and award its attorney fees and costs so wrongfully sustained.

> FOSTER SWIFT COLLINS & SMITH PC
>
> By:_____
> Dirk H. Beckwith (P35609)
> Attorneys for J. B. Hunt Transport, Inc.
> 28411 Northwestern Highway, Suite 500
> Southfield, Michigan 48034
> 248.539.9918
> dbeckwith@fosterswift.com

Dated: May 14, 2019

### AFFIRMATIVE DEFENSES

J.B. Hunt Transport, Inc., for its Affirmative Defenses, says:

1.      Defendant claims the rights, privileges and immunities provided under MCLA 500.3101 et seq. being the Michigan No Fault Automobile Insurance Law.

2.      Plaintiff has failed to state a claim upon which relief may be granted and Defendant is entitled to judgment of No Cause for Action as a matter of law.

3.      Any claim by Plaintiff for recovery of economic benefits, damages or payments is barred to the extent provided by the applicable provisions of MCLA 500.3101 et seq.

4.      Plaintiff's claim for wage loss benefits and/or loss of earning capacity is specifically prohibited by *Ouellette v Kenealy*, 424 Mich 83, 375 NW2d 470 (1985) and, on that basis, Plaintiffs have failed to state a claim upon which relief may be granted.

5.      Plaintiff has not sustained injuries amounting to death, serious impairment of body function or permanent, serious disfigurement within the meaning of MCLA 500.3135(1).

6.      Plaintiff's injuries have not affected her ability to lead a normal life within the meaning of Michigan's No Fault Act.

7.      The sole, proximate cause of the complained of accident, damages and injuries to the Plaintiff was the negligence and/or comparative negligence of Plaintiff in failing to make proper observation, in failing to use due care, caution, and circumspection with respect to her own health, welfare and safety, and in failing to keep a proper and safe lookout.

8.      Defendant denies any negligence on its part whatsoever.

9.      If the Plaintiff suffered any injury or damage as alleged, such damage was caused by the intervening act or acts or omissions of parties other than Defendant and said act or acts or omissions supersede any action or omission by Defendant of which it might be considered liable to the Plaintiff, and which Defendant could not reasonably have foreseen, nor for which it can be held liable in this action.

10.      Defendant claims the rights, privileges and immunities as provided in Public Act 178 (1986) or commonly known as the Tort Reform Act of 1986.

11.      Plaintiff failed to mitigate her damages.

12.      Plaintiff has violated the dictates of MCLA 257.710(e).

13.      There is no proximate causation between the alleged accident and Plaintiff's alleged injuries, if any.

14.    Defendant reserves the right to amend its Affirmative Defenses when the discovery process reveals facts which will properly allow them to do so.

FOSTER, SWIFT, COLLINS & SMITH, P.C.

By: _____
Dirk H. Beckwith (P35609)
Attorneys for Defendants
28411 Northwestern Highway, Suite 500
Southfield, Michigan 48034
248.539.9918
dbeckwith@fosterswift.com

Dated:   May 14, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served May 14, 2019, via regular U.S. mail, postage prepaid on Jeremy Tiedt at 99 Monroe Avenue, N.W., Suite 975, Grand Rapids, Michigan 49503.

_____
Jo Dickinson

| STATE OF MICHIGAN<br>9TH CIRCUIT COURT<br>KALAMAZOO COUNTY | CIVIL PROCEEDINGS<br>SCHEDULING ORDER<br>MCR 2.401 | CASE NO. 2019-0204-NI<br>JUDGE: Honorable Alexander C. Lipsey |
|---|---|---|

Court Address
TRIAL DIVISION - CIVIL - 150 E. CROSSTOWN PARKWAY, KALAMAZOO, MI 49001

Court Telephone No.
(269) 383-8837

TO:

File Copy



Plaintiff(s)
Stephanie Upchurch

v

Defendant(s)
J.B. Hunt Transportation, Inc.

**THIS ORDER CONTROLS THE PRETRIAL AND TRIAL PROCEEDINGS IN THIS CASE. FOR CASES NOT SCHEDULED FOR CASE EVALUATION, THIS ORDER IS THE ONLY NOTICE YOU WILL RECEIVE FOR SETTLEMENT CONFERENCE AND TRIAL DATES.**

IT IS HEREBY ORDERED:

1.  **DATES.**
    a. **Early Scheduling Conference Date** for mediation (case types CB, CR, CP, PR and other Business Court cases):
    _____ at _____. See Item 9 of this order.

    b. **Case Evaluation Date for ND, NF, NH, NI, NM, NO, NS, NZ, AND NP, (except asbestos cases) case**
    types: Friday, December 13, 2019 _____

    ☐a.m. session  ☒p.m. session

    Please refer to MCR 2.403 for time standards, fees, and submission of documents.

    Case Evaluation Fees:   Plaintiff $75.00    Defendant $75.00
    Payment is not due at this time. A notice will be mailed at least 28 days prior to the case evaluation date designating the evaluation panel, a specific time for the evaluation, payment of fees, and submission of documents.
    The court will schedule and notice a settlement conference to be held within 30-60 days after case evaluation rejection. MCR 2.401. Parties and the attorney who will conduct the trial must be present for the settlement conference. If a party is insured, a representative of the insurance company, with ultimate settlement authority, must be present. Any settlement that limits the potential liability of any defendant at trial (such as a "high-low" or *Mary Carter* agreement) must be disclosed to the court.

    The court will schedule and notice a trial to be held within 60-90 days after case evaluation rejection. MCR 2.501. ☐Non-Jury Trial ☒ Jury Trial / Jury Fee Paid: ☒Yes ☐No .

    c. **Settlement Conference Date:** _____ with the _____ at _____MCR 2.401

    Parties and the attorney who will conduct the trial must be present for the settlement conference. If a party is insured, a representative of the insurance company, with ultimate settlement authority, must be present. Any settlement that limits the potential liability of any defendant at trial (such as a "high-low" or *Mary Carter* agreement) must be disclosed to the court.

    d. **Trial Date:** _____ with the Honorable Alexander C. Lipsey at 150 E. Crosstown Parkway, Kalamazoo, Michigan 49001   MCR 2.501

9CC-0208T (8/8/13) Civil Proceedings Scheduling Order

☐ Non-Jury Trial    ☐ Jury Trial /  Jury Fee Paid: ☐ Yes ☐ No

2.  **PLEADINGS.**  The pleadings in this case are satisfactory.  The pleadings may not be amended, nor may parties be added, except as provided by court rule or a stipulated order signed by the court.  MCR 2.118.  If a party is added after the date of this order, the party who caused them to be added shall serve them with a copy of this order with the initial pleadings served on the new party.

All parties and claims have been joined.  MCR 2.203-207

3.  **WITNESSES.**   The plaintiff(s) will submit a witness list to all other parties, including expert witnesses, not later than 60 days from the date of this order.   The defendant(s) will submit a witness list to all other parties, including expert witnesses, not later than 90 days from the date of this order.  A party may identify their witnesses in response to a discovery request, if the disclosure is timely under this section of the order.  The parties' list of witnesses shall include the witnesses they may call at trial.  The list shall include the name, address or business address, and telephone number of the witnesses. Any witness not named on the list will not be allowed to testify at trial except in the discretion of the court for good cause shown. MCR 2.401(I).  By an agreement, in writing, the parties may shorten or extend the witness disclosure deadlines, so long as that does not affect the motion deadlines or  the dates scheduled for case evaluation, settlement conference, or trial.

4.  **DISCOVERY.**
Deadline:  Discovery (which includes timely responses under MCR and the actual taking of depositions) in this case must be completed not later than 56 days before the case evaluation date above for ND, NF, NH, NI, NM, NO, NS, NZ, AND NP, (except asbestos cases) case types; and not later than 120 days from the date of this order for all other case types, unless the parties agree otherwise, in writing.  Such agreements will not affect motion deadlines or lead to an adjournment of case evaluation, settlement conference or trial, unless approved by a court order.  MCR 2.302(F).

Physical and Mental Examinations:  Physical or mental examinations shall be completed 28 days before the discovery deadline, unless the parties agree otherwise, in writing.

5.  **MOTIONS**

a.  **ND, NF, NH, NI, NM, NO, NS, NZ, AND NP, (except asbestos cases) case types.** All dispositive motions must be scheduled and heard not later than 14 days before case evaluation, unless otherwise ordered by the court.  The court reserves the right to limit the number of dispositive motions before case evaluation in accordance with the Michigan Court Rules.  Ordinarily, dispositive motions filed under MCR 2.116(C)(10) will not be heard until the conclusion of discovery or upon a demonstration that all relevant discovery has occurred on the issue addressed by the motion.  All other motions, including motions in limine, must be scheduled and heard no later than 14 days before trial.  Legal authority shall accompany all motions. Briefs shall accompany all motions.  If a motion is contested, an answer with brief must be filed.  A copy of all motions and responses and accompanying authority shall be simultaneously provided to the judge's law clerk.  MCR 2.119.

b. **All other case types.** All dispositive motions must be heard 14 days before settlement conference, unless otherwise ordered by the court. Ordinarily, dispositive motions filed under MCR 2.116(C)(10) will not be heard until the conclusion of discovery or upon a demonstration that all relevant discovery has occurred on the issue addressed by the motion. All other motions, including motions in limine, must be scheduled and heard no later than 14 days before settlement conference. Legal authority shall accompany all motions. Briefs shall accompany all motions.  If a motion is contested, an answer with brief must be filed.  A copy of all motions and responses and accompanying authority shall be simultaneously provided to the judge's law clerk.  MCR 2.119.

6.  **TRIAL.**
Exhibits: Each party is to exchange a list and description of exhibits to be introduced at the time of trial not later than 7 days before trial. Plaintiff(s) exhibits shall be marked with numbers and Defendant(s) exhibits shall be marked with letters.  Each list of exhibits should describe those that are to be admitted without objection and those to which there will be an objection, noting by whom the objection is made and the nature of the objection.

Counsel shall agree as to the authenticity and admissibility of exhibits so far as possible.  Except for good cause shown, the court will not permit the introduction of any exhibits, including exhibits to be used solely for

the purpose of Impeachment, unless they have been listed in the exhibit list or unless the necessity for the use of any particular exhibit reasonably could not have been foreseen.

Prior to the date of trial, all exhibits shall be marked by the attorneys and dated with the first date of the trial. Exhibit stickers may be obtained from the court. The attorneys will obtain an "Exhibit Log" from the court, complete it and return it to the law clerk on the first day of trial.

Reference Documents (Bench Book) ☐required ☐not required ☐optional : In addition to the formal list of exhibits, copies are to be made for opposing counsel and a bench book of elements of all claims, reference documents and exhibits prepared and delivered to the court 7 days before trial with adequate index. The parties shall meet and agree as to the exhibits to be contained in the bench book and the indexing of said exhibits.

Trial Briefs: All parties will submit trial briefs containing proposed issues of law. In non-jury trials, briefs must contain proposed findings of fact and proposed conclusions of law. These briefs shall be filed 7 days prior to trial and mutually exchanged.

The trial briefs of the parties shall address any and all legal issues, which will be brought before the court by the pleadings or the evidence. These matters shall be addressed in the briefs on both contested and uncontested issues. MCR 2.401(D)

Jury Instructions and Theory and Claim: Proposed jury instructions shall be delivered to the court's law clerk/bailiff and opposing counsel not later than 7 days prior to trial. Jury instructions are to be typewritten in full, with all blanks completed and all inappropriate options deleted. The instructions shall include preliminary instructions about the elements of all claims as well as legal presumptions and burdens of proof. Counsel shall also submit a proposed theory and claim concisely setting forth in non-argumentative fashion their position on the issues in the case and the verdict they seek. The proposed theory and claim shall not exceed two double-spaced, typewritten pages in length, except as otherwise permitted by the court. The theory and claim is read to the jury along with the final instructions in the case. The court may edit the proposed theory and claim for length or content. The parties may waive the theory and claim.

Voir Dire: At the discretion of the court, voir dire may be conducted by the court. The court in the exercise of its discretion may allow each party up to 30 minutes of voir dire. Parties whose interests are essentially identical will be treated as a single party for purposes of this limitation. MCR 2.511(C)

Opening Statements and Closing Arguments: Unless otherwise ordered by the court, each party's opening statement will be limited to 30 minutes. If parties' interests are essentially identical, they will have a total of 30 minutes for an opening statement. Unless otherwise ordered by the court, closing arguments for each party shall not exceed 45 minutes. Parties whose interests are essentially identical will have a total of 45 minutes. Plaintiff(s) may have an additional 10 minutes for any rebuttal.

7. **ADJOURNMENT.** If a motion for adjournment of the trial date is necessary, the same shall be filed not later than 14 days prior to the scheduled trial date. If the trial is to be adjourned by stipulation, the stipulation shall be filed not later than 14 days prior to the trial date. A case is not adjourned unless and until the court enters an order adjourning the trial. Motions and stipulations for adjournment must conform with MCR 2.503.

8. **RESOLUTION.** IF THE CASE IS SETTLED, THE PLAINTIFF'S ATTORNEY WILL IMMEDIATELY NOTIFY THE CIVIL ASSIGNMENT CLERK OF THE SETTLEMENT AND PREPARE AND PRESENT TO THE COURT A JUDGMENT OR PROPOSED ORDER DISMISSING THE CASE. Only upon timely receipt of a judgment or proposed order of dismissal will the matter be removed from the trial docket.

9. ☐ **EARLY SCHEDULING CONFERENCE** (case types CB, CR, CP, PR and other Business Court cases): This case is scheduled for an early scheduling conference to consider mediation. If the parties agree prior to the status conference date that they will use mediation, the enclosed *Order for Mediation* must be completed and filed with the ADR clerk prior to the status conference date. (If desired, an electronic version of this form may be obtained from the ADR clerk.) The status conference will be canceled if all parties agree to mediation and the *Order for Mediation* is timely filed with the court. If mediation is ordered, a mediator may be selected by stipulation of the parties or appointment by the court. The attorneys/parties will arrange for payment for mediation services directly with the mediator and will be responsible for the direct payment for such services. Mediation costs will be divided as indicated on the *Order for Mediation*. Upon completion of mediation, a written report will be filed with the ADR clerk using court form 9CC-0222, Alternative Dispute Resolution

Report, which may be obtained from the ADR clerk.

10. **OTHER ALTERNATIVE DISPUTE RESOLUTION.** The parties are encouraged to consider the use of other alternative dispute resolution mechanisms to resolve this matter. There are a variety of conciliation, mediation and arbitration options. The court is willing to explore the available options with parties and counsel. If the parties choose to engage in any ADR process ancillary to the court ordered case evaluation process, advise the ADR Clerk (269-384-8255). Notification to the ADR Clerk assists with caseflow management and mandatory statistical reporting. Upon completion of any elective ADR process, please complete form 9CC-0222, *Alternative Dispute Resolution Report*, and return it to: ADR Clerk, 9th Circuit Court, *150 E Crosstown Parkway, Kalamazoo, MI 49001.*

Contact the ADR Coordinator at 269-384-8255 for an updated copy of *the Alternative Dispute Resolution List of Civil Mediators* (9CC-0225) and form 9CC-0222, *Alternative Dispute Resolution Report.*

The court will not delay the deadlines and dates contained in this Scheduling Order because the parties are engaged in an elective ADR process.

11. **SANCTIONS.** The contents of this order shall control the course of the litigation in this matter. Failure to comply with the requirements of this order may result in sanctions.

12. **OBJECTIONS.** Any objections or corrections to this order shall be filed with the court within 14 days from the date of this order and schedule the objection for hearing. MCR 2.401(B)(2)(d)(i)

13. **STATUS CONFERENCE.** On the request of any party, the court may schedule a status conference to consider modifications to this order. MCR 2.401(A)

14. **OTHER.**

Dated: **MAY 2 2 2019**

Honorable Alexander C. Lipsey, Circuit Judge

☐Attachment: Form MC 274-M, Order for Mediation

| CERTIFICATE OF MAILING |

I certify that on this date I served a copy of this order on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined in MCR 2.107(C)(3).

Date

Court Clerk